

NORTH CAROLINA            IN THE COURT OF GENERAL JUSTICE
SUPERIOR COURT DIVISION
MECKLENBURG COUNTY        FILE NO. 22 CvS 1?924

AL MALIK WILCHER,            )
                                           )
             Plaintiff            )
                                           )        **COMPLAINT**
        vs.                         )
                                           )
PROGRESSIVE SOUTHEASTERN,    )
INSURANCE COMPANY,            )
                                           )
            Defendant.         )

The Plaintiff, by and through counsel, complaining of the Defendant, alleges and says as follows:

## STATEMENT OF FACTS

1. Plaintiff is a resident of Mecklenburg County, North Carolina.

2. Defendant, upon information and belief, is an Indiana domiciled insurance company duly licensed and authorized to transact insurance business in the State of North Carolina.

3. Mecklenburg County Superior Court is the proper trial division for this case as the total amount in controversy exceeds the jurisdictional limits for civil actions filed in superior court pursuant to N.C.G.S. § 7A-243.

4. Jurisdiction and venue are otherwise properly held with this Honorable Court.

5. As of September 12, 2022, Plaintiff was insured by Defendant for automobile coverage through a policy of insurance issued and delivered to Plaintiff in Mecklenburg County, North Carolina and further identifiable as policy number 961242831 (hereinafter "Policy").

6. The Policy provided coverage for Plaintiff's 2021 Nissan Rogue private passenger vehicle further identifiable by Vehicle Identification Number (VIN) 5N1AT3CAXMC732122

(hereinafter "Nissan").

7. The Policy coverage for the Nissan includes "Collision" coverage subject to a $1,000.00 deductible.

8. On September 12, 2022, a motor vehicle collision resulted in, upon information and belief, the total loss of the Nissan.

9. Plaintiff timely reported the fire to Defendant and opened a claim regarding the collision and loss (hereinafter "Claim").

10. Plaintiff has cooperated with Defendant regarding the Claim.

11. As a result of the collision and total loss of the Nissan, Defendant is contractually obligated to make payments for the Claim to Plaintiff under the terms of the Policy including the "Collision" coverage portion of the Policy.

12. Plaintiff has requested payment by Defendant for the Claim pursuant to the terms of the Policy.

13. Defendant has made no payment to Plaintiff for the Claim.

14. Defendant has denied the obligation to make any payments for the Claim to Plaintiff.

15. The sole basis stated by Defendant in its denial of the Claim is Defendant's contention that Plaintiff misrepresented the garaging location of the Nissan during the application for insurance and/or during the policy term. A copy of Defendant's denial letter is attached hereto as Exhibit 1.

16. The principal garage location of the Nissan was in Charlotte, North Carolina as Plaintiff indicated when completing the application and at all times thereafter.

17. Defendant's denial of Plaintiff's Claim on basis that Plaintiff misrepresented the garage location of the Nissan is unjustified and unreasonable.

18. Defendant has no legitimate basis to deny Plaintiff's Claim.

19. Defendant's failure to make payment to Plaintiff for the Claim is unjustified and in breach of the terms of the Policy.

20. Plaintiff has been forced to file this action to enforce Defendant's obligations under the Policy.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

21. The allegations set forth above are re-alleged and incorporated herein by reference as if fully set forth.

22. Pursuant to the terms of the Policy, Defendant was obligated to pay Plaintiff for the Claim.

23. Plaintiff provided sufficient information for Defendant to make payment of the Claim.

24. Defendant has continually and repeatedly failed to make any payment on the Claim despite having sufficient documentation to properly evaluate the Claim and make payment to Plaintiff.

25. That Defendant breached various contractual duties owed to Plaintiff, express and implied by operation of law and by usage of trade, including but not limited to duties to:

    a. Make prompt payment to Plaintiff based on a prompt and proper investigation and evaluation of the Claim;

    b. To deal fairly with Plaintiff regarding the Claim;

    c. Fairly and accurately construe obligations and duties regarding the Claim;

    d. Comply in all respects with North Carolina's laws on claims handling, including, but not limited to N.C. Gen. Stat. § 58-63-15; and

    e. Otherwise deal in good faith with Plaintiff as it relates to the Claim.

26. That Defendant's continued failure to make payment to Plaintiff on the Claim is unjustified.

27. Defendant has continually and repeatedly placed its interest in retaining the money due Plaintiff ahead of its obligations to promptly evaluate the Claim and make payment to Plaintiff.

28. Defendant's actions as alleged herein in refusing to promptly investigate and evaluate the Claim and make payment to Plaintiff for the full amount of the Claim constitute a breach of Defendant's contractual duties, expressed and implied by law and such breach has directly, foreseeably and proximately resulted in damages unto Plaintiff as more fully set forth herein including, but not limited to:

    a. The benefits due pursuant to the Policy including payment for the total loss of the Nissan which Plaintiff believes is in excess of $32,000.00;

    b. Expenses incurred by Plaintiff following Defendant's breach of contract including attorney's fees and litigation expenses; and

    c. Interest on the aforesaid damages at the North Carolina legal rate following the breach of contract.

29. That the aforesaid damages were within the contemplation of the parties at the time the Policy was issued.

## SECOND CLAIM FOR RELIEF
## UNFAIR AND DECEPTIVE TRADE PRACTICES

30. The allegations set forth above are re-alleged and incorporated herein by reference as if fully set forth.

31. That Defendant is engaged in the business of insurance in the State of North Carolina.

32. That the business of insurance qualifies as "in or affecting commerce."

33. That Defendant had and has a duty to act in good faith when handling the Claim under the Policy.

- 4 -

Case 3:23-cv-00009-MOC-DCK   Document 1-1   Filed 01/09/23   Page 4 of 10

34. That Defendant had a statutory duty to not misrepresent pertinent facts or insurance policy provisions relating to coverages at issue pursuant to N.C. Gen. Stat. § 58-63-15(11)(a).

35. That Defendant had a statutory duty to not refuse to pay a claim without conducting a reasonable investigation based on all available information pursuant to N.C. Gen. Stat. § 58-63-15(11)(d).

36. That Defendant had a statutory duty to act in good faith to effectuate a prompt resolution of the Claim pursuant to N.C. Gen. Stat. § 58-63-15(11)(f).

37. That Defendant had a statutory duty to not compel Plaintiff to initiate litigation in order to recover the amounts due under the Policy pursuant to N.C. Gen. Stat. § 58-63-15(11)(g).

38. Defendant breached the foregoing statutory duties in the course of its handling of the Claim by engaging in the following acts or practices in addition to acts and practices as more fully alleged above:

   a. Misrepresenting pertinent facts and/or policy provisions relating to coverages at issue;

   b. Refusing to pay the Claim while failing to conduct a reasonable investigation based on all available information;

   c. Failing to exercise good faith in promptly resolving the Claim with a payment to Plaintiff;

   d. Failing to promptly resolve the Claim and make payment for the loss;

   e. Forcing Plaintiff to initiate litigation in order to recover amounts due under the Policy;

   f. By acting in other ways as more fully described herein which constitute violations of the statutory obligations set forth in N.C. Gen. Stat. § 58-63-15(11).

39. As a direct and proximate result of Defendant's statutory violations of N.C. Gen. Stat. § 58-63-15(11) and its subparts, Plaintiff has foreseeably suffered damages including, but not limited to:

   a. The benefits due pursuant to the Policy;

   b. Attorneys' fees and litigation expenses;

   c. Treble damages pursuant to N.C. Gen. Stat. § 75-16; and

   d. Interest on the aforesaid damages at the North Carolina legal rate following the breach of contract.

40. The acts as alleged herein constitute aggravated and outrageous conduct, a degree of neglect that indicates a reckless indifference to the consequences, oppression, capriciousness, and/or willfulness. These acts, as well as others alleged herein, constitute a refusal to exercise good faith in the handling of an insurance claim proximately causing damage to Plaintiff as more fully set forth above.

41. Under North Carolina law, an insurer who does not act in good faith is guilty of bad faith.

42. The acts alleged herein were willful, wanton, or intentionally wrongful such that punitive damages should be imposed against Defendant under N.C. Gen. Stat. § 1D-1 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays unto the Court as follows:

1. That the Plaintiff have and recover a judgment against Defendant for damages plus pre-judgment and post-judgment interest as allowed by law in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars;

2. That Defendant's conduct be declared by the Court to be in violation of N.C. Gen. Stat. § 75-1.1 and that the damages awarded to Plaintiff be trebled pursuant to N.C. Gen. Stat. § 75-16;

3. That the Court order Defendant to pay such punitive damages as the trier of fact may determine are necessary to punish Defendant for its conduct and to deter Defendant and others from similar conduct in the future;

4. That the costs of this action be taxed against Defendant as allowed by law;

5. That Plaintiff's counsel recover reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1;

6. For a jury trial on all issues so triable.

7. For such other and further relief as the Court deems just and proper.

This the 11th day of November, 2022.

J. Michael Malone
N.C. State Bar No. 26512
Hendren Redwine & Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone (919) 573-1423
Facsimile (919) 420-0475
Email: mmalone@hendrenmalone.com



*PROGRESSIVE*®

**Underwritten By:**
**Progressive Southeastern Insurance Company**

| | |
|---|---|
| Claim Number | 22-9172535 |
| Loss Date | September 12, 2022 |
| Loss State | NJ |
| Document Date | September 21, 2022 |
| Page 1 of 2 | |

**claims.progressive.com**
Track the status and details of your claim, e-mail your representative or report a new claim

AL MALIK WILCHER
1735 CHATHAM RIDGE CIR 301
CHARLOTTE, NC 28273

# Claim Information

As you know, I am handling this claim on behalf of Progressive Southeastern Insurance Company (herein referred to as Progressive). The purpose of this letter is to notify you that Progressive has concluded there is no coverage for damages resulting from this loss. Specifically, Part VII of the policy at issue, provides, in relevant part:

PART F -- GENERAL PROVISIONS

FRAUD OR MISREPRESENTATION

We do not provide coverage for any insured:

1. who has made a fraudulent statement or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy; or

2. if a named insured made a material misrepresentation in the application for this policy of insurance

This provision applies to Part A - Liability Coverage to the extent that the limits of liability exceed the minimum limits required by the Financial Responsibility Law of North Carolina. If we make payment under Part A - Liability Coverage which we would not have otherwise made in the absence of the preceding sentence, then we shall have the right to recover such payment from any insured who made a fraudulent statement, engaged in fraudulent conduct, or made a material misrepresentation.

Any changes we make at your request to this policy after inception will be made in reliance upon information you provide If you:

1. make incorrect statements or representations to us with regard to any material fact or circumstance;

2. conceal or misrepresent any material fact or circumstance; or

3. engage in fraudulent conduct; in connection with a requested change we may void the policy or reform it as it existed immediately prior to the requested change. We may do this at any time, including after the occurrence of an accident or loss.

Our investigation to date has revealed that you concealed and/or made incorrect statements to us regarding the garaging location for your policy vehicle(s). At the time of application and/or during the policy term, you declared a garaging address of 1735 Chatham Ridge Circle Charlotte, NC 28273. Our investigation has revealed that your vehicle(s) are actually at 1032 Olive St Elizabeth NJ 07201. Due to this misrepresentation of material fact, coverage for your claim has been denied.


Continued

Case 3:23-cv-00009-MOC-DCK   Document 1-1   Filed 06/28   Page 8 of 10
Scanned with CamScanner

PROGRESSIVE CLAIMS
485A ROUTE 1 SOUTH
STE 400
ISELIN, NJ 08830

**PROGRESSIVE®**

503234 8839 1 AB 0.491  CLTRS011 032 008839

AL MALIK WILCHER
1735 CHATHAM RIDGE CIR 301
CHARLOTTE, NC 28273

Underwritten By:
**Progressive Southeastern Insurance Company**
| | |
|---|---|
| Claim Number: | 22-9172535 |
| Policy Number: | 961242831 |
| Loss Date: | September 12, 2022 |
| Loss State: | NJ |
| Report Date: | September 13, 2022 |
| Document Date: | September 20, 2022 |

Page 1 of 1

**claims.progressive.com**
Track the status and details of your claim, e-mail your representative or report a new claim.

## Important information about your claim

I've learned that one or more parties have damages from the accident on September 12, 2022. Unfortunately, the value of those damages may be more than are covered by your policy.

Under policy number 961242831, you have the following coverages:

    BODILY INJURY: $30,000 EACH PERSON-$60,000 EACH ACCIDENT

    PROPERTY DAMAGE: $25,000 EACH ACCIDENT NO DEDUCTIBLE

If the value of the damages exceeds these coverage amounts, you'll be responsible for paying the difference. If you have any other insurance that might apply here, please let me know as additional coverage could help pay for these potential damages.

If you receive notice of a lawsuit filed against you, please let me know and we'll provide an attorney to represent you. You also have the right to hire your own attorney at any time, at your own expense, to represent you for any damages not covered by your policy. If you choose to do that, please let me know and we'll work with them.

We don't yet know the total value of all the damages. This letter is just to let you know that the damages may be more than your policy covers; I'll keep you updated as I learn more. These situations can be confusing, so please call me if you have any questions.

Thank you,

ANDREA ROMEO
Claims Department
1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-833-905-1749

Form Z509 (01/14)

Enclosures
Form Z576 (11/14)
Form Z517 (11/07)

**DEPARTMENT OF INSURANCE**
1201 Mail Service Center
Raleigh, NC 27699-1201

Progressive Southeastern Insurance Company
PO Box 89490
Cleveland, OH 44101

7022 0410 0002 2801 1981

Hasler
12/16/2022
US POSTAGE
$08.93
ZIP 27603
011D12602844